# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-11340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTIAGO DIAZ-HERNANDEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CR-28-1

————

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Santiago Diaz-Hernandez pleaded guilty, pursuant to a plea agreement, to illegally reentering the United States after he had been deported. He now challenges his 60-month, above-guidelines prison sentence as substantively unreasonable. Specifically, Diaz-Hernandez contends that the district court failed to take into account that he returned to the United States to help care for his children, both of whom suffer from mental illness and one of whom

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11340

requires constant supervision, and to help his wife, who also suffers from mental illness. He urges that the court overemphasized his criminal history, which, in his view is not sufficiently serious to justify the extent of the upward variance. Our review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court heard Diaz-Hernandez's arguments in mitigation of his sentence. It simply determined, as it was permitted to do, that the factors Diaz-Hernandez raised did not overcome other sentencing considerations. The district court assessed the facts and provided specific reasons consistent with the 18 U.S.C. § 3553(a) factors as to why a sentence outside of the guidelines range was necessary to achieve the goals of sentencing. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The court cited several of those factors to support the sentence and was particularly concerned that Diaz-Hernandez had four prior convictions that were not taken into account in determining the advisory guidelines range. Diaz-Hernandez's arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but this court will not reweigh those factors. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). Nothing suggests, as Diaz-Hernandez asserts, that the district court did not account for a factor that should have received significant weight or made a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. The 60-month sentence was reasonable under the "totality of the circumstances." *Gall*, 552 U.S. at 51.

Accordingly, the district court's judgment is AFFIRMED.